PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AUBRIELLEN WHEATLEY *and* TIFFANY WHEATLEY, | ) ) ) | CASE NO. 4:25-CV-01270 |
| Plaintiffs, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) ) | |
| DAVID YOST *et al.*, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 1, 2, 3, 5, 12] |

This matter comes before the Court on *pro se* Plaintiff Aubriellen Wheatley's[1] civil complaint alleging twenty-two causes of action against myriad Defendants, including Ohio Attorney General David Yost, Akron Children's Hospital Director Scott Beichner, Akron Children's Hospital, Clara Westropp Elementary School, Cleveland Public Schools, Principal Krystle George, Laura's Home Crisis Center, Sarah Sheehan, Dr. Joni Canby, Cuyahoga County Children and Family Services, Attorney Mark Lavelle, Attorney Rhys Brenden Cartwright-Jones, Varsity Rentals, Cuyahoga County Executive Chris Ronayne, and no less than ninety-nine John/Jane Does.  *See* Complaint, ECF No. 1 at Page ID ##: 1–2.  She seeks "unlimited civil, special, punitive, and exemplary relief" for harms suffered.  Complaint, ECF No. 1 at Page ID #:

---

[1] Aubriellen includes her mother, Tiffany Wheatley, as named Plaintiff. *See* Complaint, ECF No. 1 at Page ID #: 1.  Tiffany Wheatley's claims are dismissed without prejudice because the complaint was written by Aubriellen, Tiffany's signature is identical to Aubriellen's, and Tiffany failed to file her own *In Forma Pauperis* application or requisite jail trust account statements.  *See generally* Complaint, ECF No. 1.  Should Tiffany wish to pursue her claims in federal court, she must file her own complaint with her actual signature and address the filing fee independently.

(4:25-CV-01270)

9. For the reasons herein, (1) Tiffany Wheatley is dismissed as a party, (2) Aubriellen Wheatley's application to proceed *In Forma Pauperis* is denied, and (3) the Complaint is dismissed in its entirety. Given Plaintiff's persistent pattern of frivolous and harassing pleadings, the Court imposes filing restrictions and dismisses all other pending motions as moot.

## I.  BACKGROUND

Plaintiff Aubriellen Wheatley alleges a wide-ranging, multi-year conspiracy by nefarious state and private actors against her mother and siblings across Northeast Ohio. *See* Complaint, ECF No. 1 at Page ID ##: 3–4, ¶¶ 1–10. *Inter alia*, she claims that: (1) authorities filed false criminal charges against her mother to strip her property and parental rights; (2) state officials—including the Ohio Attorney General and the Cuyahoga County Executive—conspired to deny her mother due process; (3) medical providers deliberately withheld care from her mother and siblings; and (4) school officials and social service agencies physically abused her siblings and manufactured a false narrative of her mother's parental unfitness. *See* Complaint, ECF No. 1 at Page ID ##: 4–9, ¶¶ 11–38. She contends this scheme was broadly aimed at keeping the Wheatley family dependent on social services and engineering her mother's legal incapacitation in violation of federal statutes and constitutional provisions including the Racketeer Influenced and Corrupt Organizations Act, the Sherman and Clayton Acts, and the First, Fourth, Sixth, Ninth, and Fourteenth Amendments to the United States Constitution. *See* Complaint, ECF No. 1 at Page ID #: 7, ¶ 27.

## II.  LAW

Imposing a filing restriction is "the proper method for handling the complaints of [a] prolific [litigator]" at the district court's discretion. *United States v. Petlechkov*, 72 F.4th 699, 710 (6th Cir. 2023) (quoting *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). "When a

2

(4:25-CV-01270)

court imposes such a restriction, it must . . . justify its rationale sufficiently." *Id.* (citing *United States v. Jones*, 980 F.3d 1098, 1116 (6th Cir. 2020)).  The district court must identify a "pattern of repetitive, frivolous, or vexatious filings" justifying the filing restriction. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998)

### III.  DISCUSSION

#### A.

The Complaint lacks a coherent narrative and is merely the latest in a pattern of frivolous filings by Plaintiff.  For the past year, she has repeatedly attempted to intervene in closed cases brought by her mother, was enjoined from filing further documents in multiple civil suits, and was warned that continued vexatious conduct would result in permanent filing restrictions.  *See, e.g.*, *Wheatley v. Boardman Twp. et al.*, No. 4:22-CV-1439 (N.D. Ohio filed Jun. 17, 2025) (order).  Undeterred, she continues to file new actions for her mother and siblings despite her non-attorney status.

#### B.

Plaintiff's operative pleading says much, but alleges little.  She fails to connect any factual allegations to cognizable legal claims or consequences that are justiciable.  Of the causes of action alleged, only one pertains to Aubriellen herself—that Defendant Varsity Rentals harassed her and stole some of her belongings during her studies at the University of Akron.  *See* Complaint, ECF No. 1 at PageID #: 6, ¶ 22.  Yet she identifies no viable cause of action upon which she can seek relief against Defendant Varsity Rentals in federal court.  The Court will not troll the record *sua sponte* to dredge up a legal fight for Plaintiff.  Therefore, her claim against Defendant Varsity Rentals is dismissed for failure to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

3

(4:25-CV-01270)

### C.

The remaining claims are asserted not by Plaintiff, but on behalf of her mother and siblings. Standing requires a party to assert their own legal rights and interests; one (who is not an attorney) cannot find a claim for relief in the legal rights or interests of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Ins. Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). Under federal law, a litigant may "plead and conduct their own cases personally or by counsel[,]" 28 U.S.C. § 1654 (thereby imposing a barrier on *pro se* litigants attempting to appear on behalf of another person or entity). *See Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997). By definition, *pro se* means to appear *on one's own behalf*, meaning one litigant cannot appear *pro se* for another. *See id.* As the Court has explained *ad nauseum*, Plaintiff is not an attorney and cannot bring claims *pro se* on behalf of her mother or her siblings. *See, e.g.*, *Wheatley*, No. 4:22-CV-1439. That Plaintiff may be collaterally affected by the adjudication of her mother's rights or her siblings' allegations does not extend the Court's Article III powers to her. *See Allstate Insurance Co.*, 760 F.2d at 692. Therefore, the remaining causes of action are dismissed due to Plaintiff's want of standing.

### D.

Proceeding *in forma pauperis* is a privilege, not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir. 1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny that privilege when a litigant abuses it by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. at 184–85 (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam);

4

(4:25-CV-01270)

1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Serv.*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010). Plaintiff and her mother have sought and received both tolerance and pauper status in many previous lawsuits. *See, e.g.*, *Wheatley v. Boardman Local Schools*, No. 4:21-CV-01831 (N.D. Ohio filed Sept. 27, 2021); *Wheatley v. Boardman Township*, No. 4:22-CV-01439 (N.D. Ohio filed Aug. 11, 2022); *Wheatley v. Boardman Board of Education*, No. 4:23-CV-00558 (N.D. Ohio filed Mar. 16, 2023); *Wheatley v. Ohio*, No. 1:25-CV-01471 (N.D. Ohio filed July 14, 2025); *Wheatley v. D'Apolito*, No. 4:24-CV-00987 (N.D. Ohio filed June 10, 2024); *Wheatley v. Mahoning Cnty Clerk of Court*, No. 1:25-CV-01843 (N.D. Ohio filed Sept. 4, 2025). That tolerance is at an end. Her vexatious conduct burdens what is an already strained judiciary, as:

> [e]very paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.

*In re McDonald*, 489 U.S. 180, 184 (1989). The Court's efficiency is compromised when forced to devote limited resources to processing pleadings that are repetitious, frivolous, and disconnected from reality. *See In re Sindram*, 498 U.S. 177, 179-80 (1991). Too much time has been devoted by the Court to Plaintiff's inability to control or comprehend her actions.

## IV. CONCLUSION

All claims implicating Tiffany Wheatley and her non-party children are dismissed without prejudice. *See* Complaint, ECF No. 1. The remaining claim is dismissed under 25 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. *See*

5

(4:25-CV-01270)

Complaint, ECF No. 1. Plaintiff's Application to Proceed *In Forma Pauperis* is denied. *See* Application, ECF No. 2.

After a careful review of Plaintiff's conduct, *see supra* Part III.D, the Court finds it necessary to restrict her ability to continue in this desultory manner. Accordingly, it Orders that:

(1) Aubriellen Wheatley shall file no documents in this Court unless and until she has paid the requisite filing fee.

(2) Aubriellen Wheatley is enjoined from proceeding *In Forma Pauperis* in any future action filed in the Court and must pay the full filing fee at the inception of each new case, if any.

(3) The Clerk of Court shall not accept any new cases submitted by Aubriellen Wheatley that are not accompanied by the full filing fee.

(4) Because the Court denies her Application to Proceed *In Forma Pauperis* herein, Aubriellen Wheatley must pay the full filing fee of $ 405.00 before she is permitted file any other documents in this case.

(5) The Clerk of Court shall not accept any new filings from Aubriellen Wheatley in this case unless the filing fee has been paid, and shall return any rejected filings to her.

Plaintiff is cautioned that repeated attempts to file documents on behalf of her mother or her siblings will not be tolerated. Signing her mother's name to a pleading is a fraudulent and deceptive action which may be considered contemptuous and result in other sanctions. She is further cautioned that, if she files additional frivolous actions, she may be permanently enjoined from litigating without first obtaining leave of the Court. *See Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987). This action is

6

(4:25-CV-01270)

dismissed. Consequently, ECF Nos. 3, 5, and 12 are denied as moot. The Court certifies under 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| February 27, 2026 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |